IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


CHARLES ROBERT BAKER,
    Plaintiff,

vs.                                        Case No.: 3:08cv295/RV/EMT

SERGEANT D. LIADACKER, et al.,
    Defendants.
_____/

**O R D E R**

        Plaintiff, an inmate proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (Doc. 1). Leave to proceed in forma pauperis has been granted (Doc. 10). Upon review of the complaint, it is evident that the facts as presented fail to support a viable claim for relief under section 1983 as to some or all of the named Defendants. The court will therefore allow Plaintiff an opportunity to clarify his allegations in an amended complaint.

        Plaintiff names nineteen Defendants in this action, many of whom are correctional officers at Century Correctional Institution (CCI) and others who are employed in the central office of the Department of Corrections (DOC). Plaintiff claims that Defendants Liadacker, Magaha, Bailey, and Anderson violated his First Amendment rights by planting a weapon and marijuana in his property, resulting in disciplinary charges and placement on close management status, in retaliation for Plaintiff's filing grievances (Doc. 1 at 7–8). He claims that Defendant Travino conspired with Defendants Liadacker, Magaha, Bailey, and Anderson by ordering Plaintiff placed in confinement pending the disciplinary charges (*id.*). Plaintiff claims that Defendants Brown and Carter, the members of the disciplinary team, violated his due process rights during the disciplinary hearings (*id.*). As relief, Plaintiff seeks compensatory and punitive damages, as well as any other relief to which he is entitled (*id.* at 8).

Initially, Plaintiff has failed to state a basis for liability as to Defendants Haskins, Watson, McNeil, Castle, Gray, Amerson, and State Classification Officer John Doe.  Although Plaintiff lists these individuals as Defendants (*see* Doc. 1 at 1, 2), he does not mention them in the Statement of Facts or the Statement of Claims (*see id.* at 7–8).  Plaintiff is advised that unless he is able to clearly describe how each named Defendant was involved in each alleged constitutional violation, he should drop the individual as a Defendant.

Additionally, Plaintiff has failed to state a basis for liability as to Defendants Holley, Payne, Adams, and Secretary's Representative John Doe based upon their denials of Plaintiff's appeals of the disciplinary decisions.  Supervisory officials are not liable under section 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability.  *See* Cottone v. Jenne, 362 F.3d 1352, 1360 (11th Cir. 2003) (internal quotation marks and citations omitted).  Supervisory liability may occur, however, either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation.  *Id.* (citation omitted).  This connection may be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so, or when a supervisor's custom or policy 'result[s] in deliberate indifference to constitutional rights' or when facts support 'an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.'"  *Id.* (internal quotation marks and citations omitted); Wayne v. Jarvis, 197 F.3d 1098, 1105 (11th Cir. 1999).

Isolated incidents are generally insufficient to establish a supervisor's liability; indeed, the deprivations must be "'obvious, flagrant, rampant and of continued duration . . . .'"  Gray ex rel. Alexander v. Bostic, 458 F.3d 1295, 1308 (11h Cir. 2006) (quoting Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999)).  Furthermore, filing a grievance with a supervisory person does not alone make the supervisor liable for the allegedly violative conduct brought to light by the grievance, even if the grievance is denied.  Wayne, 197 F.3d at 1106; Weaver v. Toombs, 756 F. Supp. 335, 337 (W.D. Mich. 1989), *aff'd*, 915 F.2d 1574 (6th Cir. 1990); *see also* Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984).  Knowledge imputed to the supervisor "must be so pervasive that the refusal to prevent harm rises to the level of a custom or policy of depriving

inmates of their constitutional rights." Tittle v. Jefferson County Com'n, 10 F.3d 1535, 1542 (11th Cir. 1994). The failure to act or implement policy must be in the face of repeated violations or other indicators signifying a strong likelihood that the situation will recur. *See* Harris v. City of Marion, 79 F.3d 56, 58–59 (7th Cir. 1996). Supervisors are generally entitled to rely on their subordinates to respond appropriately to situations absent clear or widespread evidence to the contrary. "The standard by which a supervisor is held liable in [his] individual capacity for the actions of a subordinate is extremely rigorous." Cottone, 362 F.3d at 1360 (internal quotation marks and citation omitted).

In the instant case, Plaintiff is seeking to hold these Defendants liable because they denied his appeals of the disciplinary decisions, however, this fact alone does not provide a basis for liability. Therefore, Plaintiff should drop these Defendants from this action unless facts exist that show a causal connection between their actions and the alleged constitutional violations.

Finally, Plaintiff is not entitled to compensatory or punitive damages. The Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e(e), provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." To meet the physical injury requirement, Plaintiff must be able to allege more than a de minimis amount of injury. Harris v. Garner, 190 F.3d 1279, 1286–87 (11th Cir. 1999), *modified on other grounds*, 216 F.3d 970 (11th Cir. 2000). In the instant case, Plaintiff does not allege he suffered a physical injury or any other actual compensable injury as a result of Defendants' conduct, therefore, he is not entitled to compensatory or punitive damages. *See* Osterback v. Ingram, 2000 WL 297840, 13 Fla. L. Weekly D 133 (N.D. Fla. 2000), *aff'd*. 263 F.3d 169 (11th Cir. 2001) (Table), *cert. denied*, 122 S. Ct. 2362, 153 L. Ed. 2d 183 (2002) (holding that a prisoner plaintiff may not recover compensatory or punitive damages for mental or emotional injury without establishing that he suffered more than de minimis physical injury). Plaintiff is further advised that although a litigant is entitled to an award of nominal damages upon proof of a violation of a substantive constitutional right even in the absence of actual compensable injury, *see* Hughes v. Lott, 350 F.3d 1157, 1162 (11th Cir. 2003) (citing Carey v. Piphus, 435 U.S. 247, 255, 98 S. Ct. 1042, 55 L. Ed. 2d 252 (1978)); Slicker v. Jackson, 215 F.3d 1225, 1232 (11th Cir. 2000) (nominal damages available to plaintiff alleging excessive use

of force even if he fails to present evidence of compensable injury), these damages ordinarily do not exceed $1.00, *see* Carey, *supra*. Therefore, Plaintiff should delete his request for punitive and compensatory damages.

In amending his complaint, Plaintiff should carefully review the foregoing to determine whether the facts of his case satisfy the standards for asserting constitutional claims. If Plaintiff determines he wishes to proceed with this action, he must file an amended complaint clarifying his allegations. Plaintiff shall completely fill out a new civil rights complaint form, marking it "Amended Complaint." Plaintiff must limit his allegations to claims related to the same basic incident or issue and name as Defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff must place their names in the style of the case on the first page of the civil rights complaint form, and include their addresses and employment positions in the "Defendants" section of the form. In the statement of facts, Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation, alleging the claims as to each Defendant in separately numbered paragraphs and including specific dates of the alleged illegal acts. In the section entitled "Statement of Claim," Plaintiff must state what rights or statutes he contends have been violated, and he must provide reference to the facts supporting the claimed violations. Finally, in the "Relief Requested" section, Plaintiff shall identify the form of relief he seeks from this court. Plaintiff is advised that the amended complaint must contain all of his allegations because once an amended complaint is filed, all earlier complaints and filings are disregarded. Local Rule 15.1, Northern District of Florida.

Accordingly, it is **ORDERED**:

1. The clerk of court is directed to forward to Plaintiff a civil rights complaint form for use in actions under 42 U.S.C. § 1983. This case number should be written on the form.

2. Plaintiff shall have **THIRTY (30) DAYS** in which to file an amended civil rights complaint, which shall be typed or clearly written, submitted on court form, and marked "Amended Complaint."

3. Failure to submit an amended complaint as instructed will result in a recommendation of dismissal of this action.

Case No.: 3:08cv295/RV/EMT

**DONE AND ORDERED** this 18th day of September 2008.


                                            /s/ *Elizabeth M. Timothy*
                                            **ELIZABETH M. TIMOTHY**
                                            **UNITED STATES MAGISTRATE JUDGE**