IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**CHARLES ROBERT BAKER,**

    **Plaintiff,**

**vs.**                                                      Case No. 3:08cv295-RV/WCS

**D. LIADACKER, et al.,**

    **Defendants.**

    _____/

## REPORT AND RECOMMENDATION

    Plaintiff, an inmate proceeding *pro se* and *in forma pauperis*, has filed a motion for a temporary restraining order and preliminary injunction. Doc. 29. Plaintiff states that he has been "brutally treated" by correctional officers since being placed on close management. Doc. 29, p. 1. Plaintiff does not, however, provide any factual allegations of this treatment, and a broad conclusory allegation unsupported by factual description is insufficient.

    Moreover, Plaintiff is currently incarcerated at Florida State Prison in Raiford, Florida. Doc. 29. Just last week, I entered an order directing service of Plaintiff's amended civil rights complaint, doc. 21, which noted all ten (10) Defendants in this action were employed at Century Correctional Institution in Century, Florida. Doc. 27.

Thus, none of the Defendants could be the perpetrators of any possible wrong-doing or harm to Plaintiff at Florida State Prison.

Rule 65(d), which governs motions for a temporary restraining order and for a preliminary injunction, provides *inter alia*: "Every order granting an injunction and every restraining order . . . is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise." FED. R. CIV. P. 65(d). "It is elementary that one is not bound by a judgment in personam resulting from litigation in which he is not designated as a party or to which he has not been made a party by service of process." Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110, 89 S. Ct. 1562, 1569, 23 L. Ed. 2d 129 (1969) (citation omitted). This court must have jurisdiction over a party to adjudicate a claim, it does not have jurisdiction over any official at Florida State Prison.

Here, there are no allegations of involvement by any named Defendant. Plaintiff merely asserts that Plaintiff "is only a phone call/e-mail away from the Defendants." Doc. 29, p. 2. That fact alone is insufficient without some demonstration of having made phone calls or some other type of communication from the Defendants to persons at Florida State Prison. Plaintiff does not provide any factual allegations linking any Defendant to any person who has harmed Plaintiff, or threatened to harm Plaintiff. Moreover, Plaintiff has not provided sufficient allegations to show what harm he has suffered, what has been done to him, or how he has been threatened.

Granting or denying a preliminary injunction is a decision within the discretion of the district court. Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd., 112 F.3d

1125, 1126 (11th Cir. 1997), *citing* United States v. Lambert, 695 F.2d 536, 539 (11th Cir. 1983). Guiding this discretion is the required finding that plaintiff has established:

> (1) a substantial likelihood of success on the merits;
>
> (2) a substantial threat of irreparable injury if the injunction were not granted;
>
> (3) that the threatened injury to the plaintiffs outweighs the harm an injunction may cause the defendant; and
>
> (4) that granting the injunction would not disserve the public interest.

Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000); Carillon Importers, Ltd., 112 F.3d at 1126; United States v. Jefferson County, 720 F.2d 1511, 1519 (11th Cir. 1983). A preliminary injunction is an extraordinary and drastic remedy and should not be granted unless the movant "clearly carries the burden of persuasion" of all four prerequisites, which is always upon the plaintiff. Jefferson County, 720 F.2d at 1519, *citing* Canal Auth. v. Callaway, 489 F.2d 567 (5th Cir. 1974).

Plaintiff has not carried his burden. His conclusory allegations are insufficient to demonstrate a need for an injunction, and his failure to show any involvement by Defendants is insufficient to show that an injunction would be proper under Rule 65(d). The instant motion must be denied. If Plaintiff believes that officers at Florida State Prison are intending to harm him, Plaintiff should seek protective custody from the Department of Corrections, and Plaintiff could ultimately file a new lawsuit after exhausting administrative remedies. This situation, however, is not part of this lawsuit and is unrelated to the claims raised here and the Defendants named in this case.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion for a temporary restraining order and preliminary injunction, doc. 29, be **DENIED**, and this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on April 15, 2009.


    s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**